# Bergin et al., Appellants, *v.* Philadelphia Rapid Transit Co.

*Negligence—Street railways—Collision between street car and carriage—Evidence—Nonsuit.*

A nonsuit is properly entered in an action for personal injuries against a street railway company, where the evidence fails to show negligent operation of the street car which ran into the carriage in which the injured plaintiff was riding, and it appears that the driver of the carriage suddenly turned into the track in front of the approaching car.

Argued Jan. 10, 1919. Appeals, Nos. 57 and 58, Jan. T., 1919, by plaintiffs, from judgment of C. P. No. 2, Philadelphia Co., March Term, 1915, No. 2699, refusing

to take off a nonsuit in the case of John Bergin and Mary A. Bergin, his wife, v. Philadelphia Rapid Transit Company.    Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before ROGERS, J.

The court entered a nonsuit which it subsequently refused to take off.    Plaintiffs appealed.

*Error assigned* was refusal to take off nonsuit.

*John J. McDevitt, Jr.,* with him *Harry A. Gorson* and *W. W. Menzinger, Jr.,* for appellant, cited: Davidson v. Schuylkill Trac. Co., 4 Pa. Superior Ct. 86; Gilmore v. Federal St. Pass. Ry. Co., 153 Pa. 31; Harper v. Phila. Rapid Transit, 258 Pa. 282; Friedland v. Altoona & Logan Valley Elec. Ry. Co., 59 Pa. Superior Ct. 539; Davis v. Media, Middletown, Aston & Chester Elec. Ry. Co., 25 Pa. Superior Ct. 444, 448; Heuber v. Consolidated Traction Co., 210 Pa. 70; Barto v. Beaver Val. Trac. Co., 216 Pa. 328; Thompson v. Peoples Trac. Co., 180 Pa. 114; Sieb v. Central Penna. Trac. Co., 47 Pa. Superior Ct. 228; Dyer v. Phila. Rapid Transit Co., 58 Pa. Superior Ct. 634; Thatcher v. Central Trac. Co., 166 Pa. 68.

*Bernard J. O'Connell,* for appellee, cited: Doyle v. Phila. Rapid Transit Co., 261 Pa. 248.

PER CURIAM, February 17, 1919:

On the trial of this case there was not the slightest evidence of any negligent operation of the car of the defendant which ran into the carriage in which the injured plaintiff was riding.    An averment in the statement of claim is that the car was running at a high and excessive rate of speed.    There is not a word in the

testimony as to its speed.  The case as presented showed that the driver of the carriage suddenly turned over onto the track of the defendant company in front of the approaching car.

Judgment affirmed.